## Ex parte STURGESS.

(Circuit Court of Appeals, Sixth Circuit. July 1, 1926.)

### No. 4640.

**Aliens ⬤54(9).**

An order for deportation of an alien on grounds that he was likely to become public charge, and had committed misdemeanor involving moral turpitude, *held* invalid, as not supported by any evidence in the record.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Petition of Ernest Sturgess against J. A. Flukey, Immigration Inspector, for writ of habeas corpus. Writ denied, and petitioner appeals. Reversed and remanded, with directions.

This is an appeal from the order of the District Court dismissing petition of Ernest Sturgess for a writ of habeas corpus. The respondent, J. A. Flukey, is an inspector in charge of the Immigration Service of the Department of Labor at Cleveland, Ohio. It appears from the return of the writ that Sturgess came into the custody of the respondent under and by virtue of a warrant of arrest duly issued by the Second Assistant Secretary of Labor, a copy of which warrant is attached as an exhibit. The respondent further alleged that upon due hearing before W. W. Husbands, Second Assistant Secretary of Labor, the petitioner was ordered deported to England upon the following grounds: "That he was a person likely to become a public charge at the time of the entry; that he has been convicted of, or admits commission of, a felony or other crimes or misdemeanors involving moral turpitude, to wit, adultery, prior to his entry into the United States"; that in pursuance of this order a warrant was issued to the respondent for the deportation of Sturgess.

It further appears from the return that Sturgess was not actually in the custody of respondent at the time the writ issued Saturday evening, but had been ordered and directed to report the following morning (Sunday) for deportation in accordance with provisions of the warrant in respondent's possession. Upon the hearing of the cause the following Monday morning upon the petition, the return, and the evidence, including a full and complete copy of the record of the proceeding before W. W. Husbands, Second Assistant Secretary of Labor, the court denied the application and dismissed the petition.

J. B. Waterworth, of Cleveland, Ohio (Frank R. Jaffa, of Cleveland, Ohio, on the brief), for appellant.

Irene Nungesser, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, on the brief), for appellee.

Before DONAHUE and MOORMAN, Circuit Judges, and HICKENLOOPER, District Judge.

PER CURIAM. While the writ may have been prematurely issued, yet it does not appear from the record that the petition was dismissed for that reason, but, on the contrary, that the cause was heard upon the petition, the return, and the evidence, and was decided upon its merits.

The original warrant issued for petitioner's arrest charged "that he has been convicted of, or admits commission of, a felony or other crime or misdemeanor involving moral turpitude, to wit, bigamy and larceny, prior to his entry into the United States, and that he was a person likely to become a public charge at the time of entry. Pending the hearing the further charge was placed against Sturgess that he had been convicted of, or admits the commission of, other crimes and misdemeanors, involving moral turpitude, to wit, adultery, prior to his entry into the United States." The petitioner denied that he had been convicted of bigamy or larceny prior to his entry in the United States,

or that he had ever committed either of these offenses. The order of deportation was based solely upon the finding by the Second Assistant Secretary of Labor that Sturgess was likely to become a public charge at the time of entry, and that he admitted the commission of a misdemeanor involving moral turpitude, to wit, adultery prior to his entry into the United States.

The finding that Sturgess was likely to become a public charge at the time of entry is not sustained by any evidence. He was then 39 years of age, in good health, a skilled carpenter, and had in his possession about $75 in money. He admits he borrowed money to pay for his transportation from England to America, but testified that he had fully repaid the same. Gegiow v. Uhl, 239 U. S. 3, 10, 36 S. Ct. 2, 60 L. Ed. 114; Ex parte Hosaye Sakaguchi (C. C. A.) 277 F. 913, 916.

The government contends that the act of adultery was committed in Italy during the war. No evidence was offered on its behalf tending to prove the law of Italy in reference to that offense. It is insisted, however, that the Department of Labor may take judicial notice of the laws of foreign countries. In this connection what purports to be a correct translation of the law of Italy, which it is claimed petitioner violated, is copied into the government's brief and reads as follows:

"Article 354. The husband who keeps a concubine in his home or openly in other places is punished with imprisonment from three to thirty months and the sentence shall have the effect of the loss of his marital rights."

No other law of Italy touching the subject of adultery has been called to our attention. Whether the Department of Labor may or may not take judicial notice of foreign laws is of no importance in this case, since the facts admitted by the petitioner do not constitute an offense under the terms and provisions of the law referred to, and no evidence whatever was offered tending to prove that he had been convicted of any offense.

The decree of the District Court is reversed, for the reason that the findings of the Second Assistant Secretary of Labor, upon which the warrant of deportation is based, are not sustained by any evidence, and the cause is remanded, with directions to discharge the petitioner.